NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JPAULJONES, L.P., | No.    21-35365 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-01767-IM |
| v. | |
| ZURICH INSURANCE COMPANY, (China) Limited, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Argued and Submitted February 10, 2022
Portland, Oregon

Before:  PAEZ and NGUYEN, Circuit Judges, and EATON,** Judge.

Appellant JPaulJones, L.P. appeals the district court's dismissal of its case

on forum non conveniens grounds.  The issue on appeal is whether Appellant's

claims for breach of contract and a declaratory judgment are governed by a

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** Richard K. Eaton, Judge of the United States Court of International
Trade, sitting by designation.

contractual dispute resolution clause in a commercial insurance contract issued by Appellee Zurich General Insurance Company (China) Limited.  The parties do not dispute that the relevant clause requires that claims "arising from performance of th[e] Contract" be either arbitrated before the Shanghai arbitration committee or litigated in "people's court."  The district court dismissed Appellant's claims because it concluded that they fall within the scope of that clause.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  The district court correctly concluded that Appellant's claims are governed by the dispute resolution clause.  While we agree with Appellant that the phrase "arising from" indicates the clause's narrow scope and excludes peripheral claims, *see Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir. 1983), Appellant's claims nevertheless "aris[e] from performance" of the contract.  The term "performance"—when read in the context of the specific dispute resolution clause at issue here—encompasses varying types and degrees of performance, including non-performance.  *Shakey's Inc. v. Covalt*, 704 F.2d 426, 434 (9th Cir. 1983) (reasoning that every part of a written contract must be "interpreted with reference to the whole" and "[p]reference must be given to reasonable interpretations as opposed to those that are unreasonable").  Appellant's claims for breach of contract and a declaratory judgment, which it concedes arise from non-performance, therefore fall within the scope of the clause.

2.  The district court also correctly concluded that the provision providing for litigation in "people's court" did not permit litigation in the District of Oregon or Oregon state court.  Appellant's interpretation of "people's court" as essentially any court is not a common interpretation of that phrase and renders superfluous the term "people's."  11 Williston on Contracts § 32:5 (4th ed.) ("An interpretation which gives effect to all provisions of the contract is preferred to one which renders part of the writing superfluous, useless or inexplicable.").  Read in the context of the contract as a whole, "people's court" unambiguously refers to a court of the People's Republic of China.  The only other contractual provision to use the term "people's" explicitly refers to the "People's Republic of China," where the parties to the contract are located and where the contract was executed.  That the dispute resolution clause requires arbitration to take place before the Shanghai arbitration committee further supports the contracting parties' intent to resolve disputes in China.

**AFFIRMED.**